UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

THOIP (a Chorion Limited Company),               :

                Plaintiff,               :

    -against-                                          :       08 Civ. 0963 (SHS) (GWG)

DAVID AND GOLIATH, INC.,                          :

                Defendant.               :

                                      :

------------------------------------------------------------------ x


**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
A MORE DEFINITE STATEMENT**


COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200
Attorneys for Defendant

## Introduction

Plaintiff, THOIP, ("Plaintiff" or "THOIP"), filed on January 29, 2008, a Complaint against Defendant, David & Goliath, Inc., ("Defendant" or "D&G") setting forth various claims as further set forth herein ("Complaint"). D&G, by its attorneys, Cowan, Liebowitz & Latman, P.C., hereby moves, pursuant to Federal Rule of Civil Procedure 12(e), for an order directing Plaintiff to file a more definite statement of its claims in counts 1 through 7 of the Complaint.

## Background

Although not specifically set forth in the Complaint, THOIP, a U.K company, seems to allege that it is the successor-in-interest to a series of children's books authored by Roger Hargreaves, a deceased citizen of the United Kingdom, which contained illustrations of the characters in the books ("Illustrations"). THOIP, or Hargreaves, apparently sometime thereafter began to sell some products of unknown nature for an unknown duration of time which bore some of these Illustrations.

Defendant, D&G, is a well-known seller of novelty t-shirts and other products and operates several of its own retail stores in the United States. D&G creates its own designs and slogans used on its products and, over the years, has become known for its edgy, funny products, all of which, in the case of clothing, bear its "David & Goliath" registered trademark on neck labels and hang tags. In or about 2007, D&G created a line of clothing using its LITTLE LOSERS trademark which consisted of a collection of 18 t-shirts advertised as a "collection of misfits on fashion fit tees." Since that time it has expanded its LITTLE LOSERS line to include newer lines of clothing such as "Revenge of the Little Losers" and the "Lil' Little Losers." Each of D&G's products depict on its front one design and the "name" of the particular "Little Loser"

depicted. D&G claims no trademark rights in these designs or names which are used ornamentally as decoration on its clothing.

Over six months after D&G received and responded to a series of cease and desist letters from THOIP, Plaintiff filed its Complaint. As D&G had argued in its responses to THOIP's cease and desist letters in D&G's opinion, THOIP is attempting to protect an idea, which under the law, is not protectable. Perhaps recognizing that such ideas are not protectable, THOIP instead alleges in its Complaint that it owns an unspecified trade dress and lots of trademarks and copyrights. As set forth in greater detail below, these claims are pleaded without the specificity necessary for the Defendant to evaluate, admit, deny or otherwise respond to the allegations.

As set forth further below, Plaintiff claims to possess rights in a "distinctive" trade dress but never provides delineation of the specific elements that comprise this alleged trade dress. Likewise, Plaintiff asks the Court to enforce its alleged common law trademark rights but never explains which of its Illustrations allegedly have enforceable source-identifying significance at common law or states how such rights have arisen. Moreover, in attempting to plead its copyright claim, Plaintiff refers to "THOIP's Copyrighted MR. MEN and LITTLE MISS works" and even refers to 136 copyright registrations it purportedly owns in these works, but never explains clearly which of its alleged copyrights are infringed by which of Defendant's products. Likewise, although Plaintiff complains that Defendant has infringed its federally registered MR. MEN and LITTLE MISS and Design trademark,  , Registration No. 2,233,157, it gives no indication of which of Defendant's products allegedly infringe this regsitered mark.

Each of Plaintiff's seven claims is unintelligible and suffers from this same fatal flaw. Absent such fundamental information, how could the Court evaluate and how can D&G respond

to Plaintiff's claims? It is respectfully submitted that Plaintiff's claims suffer not just from poor draftsmanship, but from a lack of substance. Should Plaintiff be able to properly plead its claims, only then can D&G properly evaluate and respond to them.

## Argument

### I

### LEGAL STANDARD

A motion for a more definite statement is appropriate where, as here, the Complaint is so vague that the Defendant cannot reasonably be expected to frame a responsive pleading. *McDougall v. Donovan*, 552 F. Supp. 1206, 1208 (D.C. Ill. 1982). Such motions are meant to remedy unintelligible pleadings and thus enable a Defendant to frame its responsive pleadings. Fed. R. Civ. P. 12(e); *In re Argo Communications Corp.*, 134 B.R. 776, 797 (Bankr. S.D.N.Y. 1991).

A motion for a more definite statement is particularly appropriate in intellectual property cases where the Plaintiff must first specifically identify the intellectual property rights claimed. See *Eberhart Investment Associates, Inc. v. Santino*, 01 Civ. 3840 (LMM) 2003 WL 22126846 at *5 (S.D.N.Y. Sept. 12, 2003) (granting motion for more definite statement where Plaintiff failed to adequately spell out trade secret claims); *Sanitized, Inc. v. S. C. Johnson & Sons, Inc.* 23 F.R.D. 230, 233 (S.D.N.Y. 1959) (motion granted where trademark claims were pled with so little specificity that court held that movant "cannot reasonably be required to frame a responsive pleading"); *MTV Networks v. Curry*, 867 F.Supp. 202, 208 (S.D.N.Y. 1994) (motion granted where it was unclear whether alleged unfair competition involved dispute over trademark "MTV.COM"); *Automatic Washer Co. v. Easy Washing Mach. Co.*, 9 F.R.D. 335, 337 (N.D.N.Y. 1949) (requiring Plaintiff to state by whom and for what length of time its trademark

had been used); *Lincoln Laboratories, Inc. v. Savage Laboratories, Inc.* 26 F.R.D. 141, 142 (D.C. Del. 1960) (Plaintiff ordered to identify each of its trademarks and trade names alleged to have been copied by Defendant since Defendant needed to know specific names or marks allegedly infringed in order to frame responsive pleading).

## II
## PLAINTIFF HAS FAILED TO SET FORTH THE COPYRIGHTS IT ALLEGES HAVE BEEN INFRINGED IN ITS FIRST CLAIM

Plaintiff, in its First Claim For Relief, alleges its Illustrations are registered in the U.S. Copyright Office and attaches, as Exhibit 2, a printout of its alleged copyright registrations. Plaintiff then alleges Defendant's LITTLE LOSERS line of clothing products infringe Plaintiff's copyrights. Plaintiff however has completely failed to provide the Court or Defendant with notice of which of its Illustrations are allegedly infringed by which of Defendant's designs. Indeed, the printout attached as Exhibit 2 to the Complaint fails to show the Illustrations at all, which are allegedly the subject of such registrations. Moreover, to the extent Plaintiff's Illustrations are not registered, claims based on those Illustrations must be dismissed for lack of subject matter jurisdiction. Without knowing which Illustrations Plaintiff is claiming are infringed, the Court cannot even determine which, if any, of Plaintiff's copyright claims are jurisdictionally sound.

Although on pages 7 through 9 of the Complaint, Plaintiff provides a side-by-side chart contrasting nine of its Illustrations with twelve of Defendant's designs, Plaintiff does not explain which of its copyright registrations, if any, correspond to the Illustrations in that chart. Moreover, Plaintiff describes this chart as a "comparison of *certain* of THOIP's characters and *certain* of DG Inc.'s" designs. Complaint ¶ 29, (emphasis added).

### III

### PLAINTIFF HAS FAILED TO IDENTIFY WHICH OF DEFENDANT'S PRODUCTS ALLEGEDLY INFRINGE ITS REGISTERED TRADEMARK IN ITS SECOND CLAIM

Plaintiff apparently owns only one federally registered trademark in the United States, and such mark, as shown below, consists of a design showing two figures standing side-by-side, under which the words "Mr. Men" and "Little Miss" appear. Plaintiff, in its Second Claim for Relief, attempts to state a claim against Defendant for infringement under 15 U.S.C. § 1114 of this federally registered trademark,  , Registration No. 2,233,157, which is registered with respect to books. Defendant uses no figures side-by-side, nor does it use the words "Mr. Men" or "Little Miss," nor does it sell books.

Thus, Plaintiff fails completely in properly pleading which of Defendant's ornamental designs allegedly infringe this regsitered mark. It is therefore particularly remarkable that Plaintiff then alleges it is entited to damages, indeed enhanced damages, for such alleged infrigement.

### IV

### PLAINTIFF HAS FAILED TO IDENTIFY ITS ALLEGED TRADE DRESS WITH REASONABLE SPECIFICITY IN ITS THIRD CLAIM

Throughout its Complaint, and in its Third Claim For Relief, Plaintiff refers to its "inherently distinctive" trade dress, and claims that D&G is using and infringing such trade dress. But nowhere in that Complaint does Plaintiff set forth the specific elements that comprise this alleged trade dress, as required by the law of this Circuit.

The Second Circuit makes clear that a Plaintiff's articulation of the specific elements of its alleged trade dress is significant and that a lack of such articulation "may indicate that its

claim is pitched at an improper level of generality, i.e., the claimant seeks protection for an unprotectable style, theme or idea." *Landscape Forms, Inc. v. Columbia Cascade Co.,* 113 F. 3d 373, 381 (2d Cir. 1997).

This court's *Best Cellars* case sets forth Plaintiff's obligations in pleading a claim for trade dress infringement, stating:

> [T]he Plaintiff must precisely articulate the specific elements that comprise its distinct trade dress, so that courts can evaluate claims of infringement and fashion relief that is appropriately tailored to the distinctive combination of elements that merit protection [citing *Landscape Forms*]. This articulation requirement also helps to ensure that claims of trade dress infringement are pitched at an appropriate level of generality, for "just as copyright law does not protect ideas but only their concrete expression, neither does trade dress law protect an idea, a concept, or a generalized type of appearance.

*Best Cellars, Inc. v. Wine Made Simple, Inc.,* 320 F. Supp. 2d 60, 69 (2d Cir. 1997). A "focus on the overall look of a product does not permit a Plaintiff to dispense with an articulation of the specific elements which comprise its [allegedly] distinct dress." *Landscape Forms,* 113 F.3d at 381.

Moreover, Plaintiff fails to allege whether or how its alleged trade dress has acquired distinctiveness, a necessary allegation in any trade dress infringement claim. *Wal-Mart Stores v. Samara Bros.,* 529 U. S. 205, 216 (2000).

V

**PLAINTIFF HAS FAILED TO IDENTIFY ITS ALLEGED COMMON LAW TRADEMARKS IN ITS UNFAIR COMPETITION CLAIMS FOUR AND SIX**

Plaintiff also asks the Court to enforce its alleged common law trademark rights in what it at various points refers to as the "MR. MEN and LITTLE MISS marks," "MR. MEN and LITTLE MISS trademarks," "MR. MEN and LITTLE MISS characters," and "THOIP'S characters." But Plaintiff never defines any of there terms.

Plaintiff states that it has at least eighty-eight different Illustrations. Absent some source-identifying significance, these Illustrations are not trademarks since Illustrations used ornamentally are not trademarks. Plaintiff must at least state which of its Illustrations have been used as a "brand," on labels or hangtags and the like and for how long. Plaintiff sets forth none of these allegations.

Unless or until Plaintiff explains which of its many Illustrations allegedly have enforceable source-identifying significance at common law, and which of Defendant's products allegedly infringe which of such common law marks, if any, Defendant will be unable to respond to, and the Court will be unable to evaluate, Plaintiff's Fourth and Sixth Claims.

In *Lincoln Laboratories, Inc. v. Savage Laboratories, Inc.* 26 F.R.D. 141, 142 (D.C. Del. 1960) a case similar to the one before this court, Defendant moved for an order requiring Plaintiff to identify each of its trade names and trademarks alleged to have been copied by the Defendant. The court held that this was a proper request since Defendant would need such basic information to make a responsive pleading. In language remarkably evocative of the issues facing this Court, the *Lincoln* court wrote "[d]efendant should not be required to guess which of the Plaintiff's 60 trademarks he is supposed to be infringing when it would be a simple matter for the Plaintiff to specify his pleadings in this respect." *Id.* at 143. To paraphrase the *Lincoln* court, should D&G be required to guess which of THOIP's designs it is supposed to be infringing when it would be a simple matter for THOIP to specify its pleadings in this respect?

The holding in *Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439 (S.D.N.Y. 2005), is also instructive. Although the court was not addressing trademark or trade dress claims, it was asked to decide a motion for a more definite statement as to Plaintiff's unfair competition claims. Specifically, the Plaintiff had alleged that advertisements for McDonald's fast food restaurants

misled the public into thinking its food products were healthy when they were not. Just as liability in a trademark or trade dress case would turn, in part, on the effect of the parties' marks on the consuming public, McDonald's liability would turn, in part, on the effect of the advertisements on the consuming public. Accordingly, it is significant that the McDonald's court held that "[w]ithout information as to which of McDonald's representations comprised the nutritional schemes alleged to have injured the Plaintiffs, McDonald's can neither admit, nor in good faith deny" Plaintiff's allegations. *Id.* at 445.

## VI

### PLAINTIFF HAS FAILED TO IDENTIFY A BASIS FOR ITS TRADEMARK DILUTION CLAIMS IN CLAIMS FIVE AND SEVEN

Like its trademark infringement claims, Plaintiff's claims for trademark dilution do not set forth which of its many Illustrations allegedly have enforceable source-identifying significance and which have become "famous," a requirement of any viable federal trademark dilution claim, 15 U.S.C. 1125(e); *Savin Corp. v. Savin Group,* 391 F. 3d. 439, 449 (2d Cir. 2004); *Deere & Co. v. MTD Holdings, Inc.* 00 Civ. 5936 (LMM) 2003 WL 22439778 (S.D.N.Y. Oct. 28, 2003), or which have become "truly distinctive," as required under New York law. N.Y. Gen. Bus. Law 360-L; *Tri-Star Pictures, Inc. v. Unger,* 14 F. Supp. 2d 339 (S.D.N.Y. 1998).

### Conclusion

For the reasons set forth above, Defendant respectfully requests that the Court direct Plaintiff to provide a more definite statement as to each of its claims whereby it, *inter alia,* (i) identifies which of its purported copyrights have been infringed by which of Defendant's designs, (ii) identifies which of Defendant's designs allegedly infringes Plaintiff's registered

trademark, and states the basis for that allegation, (iii) identifies the allegedly protectable elements of its trade dress and asserts whether and how such elements have acquired distinctiveness, (iv) identifies each of its alleged common law trademarks, and which of these are allegedly infringed by which of Defendant's designs, and (iv) states which of Plaintiff's alleged trademarks have achieved the fame and distinctiveness necessary to support federal and New York State dilution claims.

Defendant reserves the right to move to dismiss Plaintiff's claims should it be unable to state claims cognizable in this Court.

Dated:   New York, New York
         February 28, 2008

                                      Respectfully submitted,
                                      COWAN, LIEBOWITZ & LATMAN, P.C.

                                      By: _____
                                         Arlana S. Cohen (AC-9034)
                                         Kieran G. Doyle (KD-2940)
                                         1133 Avenue of the Americas
                                         New York, New York 10036
                                         (212) 790-9200
                                         Attorneys for Defendant