UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOIP (a Chorion Limited Company),

          Plaintiff,

      -against-

David and Goliath, Inc.,

          Defendant.

08 CV 00963 (SHS) (GWG)

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION
## FOR A MORE DEFINITE STATEMENT

Marcella Ballard
Lisa W. Rosaya
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
T: 212-626-4100
F: 212-310-1600

*Attorneys for Plaintiff*
*THOIP (a Chorion Ltd. Co.)*

TABLE OF CONTENTS

Page

ARGUMENT ..................................................................................................................... 2

I.    LEGAL STANDARD .............................................................................................. 2

II.   THOIP SET FORTH ITS COPYRIGHT CLAIM WITH THE REQUISITE
      SPECIFICITY ........................................................................................................ 3

III.  THOIP HAS PROPERLY ALLEGED WHICH OF DG INC.'S
      PRODUCTS INFRINGE ITS REGISTERED TRADEMARK ........................................ 7

IV.   THOIP HAS ALLEGED TRADE DRESS WITH REASONABLE SPECIFICITY ......... 8

V.    THOIP HAS IDENTIFIED ITS COMMON LAW TRADEMARKS ........................... 10

VI.   THOIP HAS PROPERLY ALLEGED ITS DILUTION CLAIM ................................. 12

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

<span style="font-variant: small-caps;">CASES</span>

*Alpha Kappa Alpha Sorority Inc. v. Converse, Inc.*,
　　No. 05 Civ. 10317, 2006 U.S. App. LEXIS 8775 (5th Cir. April 10, 2006) .....................10, 12

*Am. Greetings Corp. v. Dan-Dee Imports, Inc.*,
　　807 F.2d 1136 (3d Cir. 1986)...........................................................................................10

*Armstrong Cork Co. v. Patterson-Sargent Co.*,
　　8 F.R.D. 215 (N.D. Ohio 1948) ......................................................................................12

*Asip v. Nielsen Media Research, Inc.*,
　　No. 03 Civ. 5866, 2004 U.S. Dist. LEXIS 2350 (S.D.N.Y. Feb. 17, 2004) .............................3

*Capitol Records, Inc. v. Wings Digital Corp.*,
　　218 F.Supp. 2d 280 (E.D.N.Y. 2002) ................................................................................4

*Conley v. Gibson*,
　　355 U.S. 41 (1957)..........................................................................................................3

*Franklin Elec. Publishers, Inc. v. Unisonic Prods. Corp.*,
　　763 F. Supp. 1 (S.D.N.Y. 1991)........................................................................................4

*Gann v. BernzOmatic Corp.*,
　　262 F. Supp. 301 (S.D.N.Y. 1966) ..................................................................................12

*Home & Nature, Inc. v. Sherman Specialty Co., Inc.*,
　　322 F. Supp. 2d 260 (E.D.N.Y. 2004) .........................................................................3, 5, 6

*In re: Argo Commc'ns Corp.*,
　　134 B.R. 776 (S.D.N.Y. 1991)......................................................................................3, 5

*Lincoln Labs., Inc. v. Savage Labs., Inc.*,
　　26 F.R.D. 141 (D.C. Del. 1960)......................................................................................11

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*,
　　454 F.3d 108 (2d Cir. 2006)..............................................................................................7

*Maverick Recording Co. v. Goldshteyn*,
　　No. 05 Civ. 4523, 2006 U.S. Dist. LEXIS 52422 (S.D.N.Y. July 31, 2006) .......................5, 6

*McArdle v. Mattel, Inc.*,
　　456 F. Supp. 2d 769 (E.D. Tex. 2006) .............................................................................10

*Pelman v. McDonald's Corp.*,
   396 F. Supp. 2d 439 (S.D.N.Y. 2005)................................................................................11, 12

*Polaroid Corp v. Polarad Elecs. Corp.*,
   287 F.2d 492 (2d Cir. 1961)...........................................................................................................7

*Sanrio Co. Ltd. v. Ann Arctic, Inc.*,
   No. 98 Civ. 1858, 1998 U.S. Dist. LEXIS 19384 (E.D.N.Y. May 13, 1998).........................11

*Spring Mills Inc. v. Ultracashmere House, Ltd.*,
   689 F.2d 1127 (2d Cir. 1982).........................................................................................................9

*U2 Home Entm't, Inc. v. Lai Ying Music & Video Trading, Inc.*,
   No. 04 Civ. 1233, 2005 U.S. Dist. LEXIS 9853 (S.D.N.Y. May 25, 2005).............................4

*Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*
   529 U.S. 205 (2000)................................................................................................................8, 10

## STATUTES

17 U.S.C. § 501.....................................................................................................................................5

## OTHER AUTHORITIES

Fed. R. Civ. P. 8........................................................................................................................ passim

Fed. R. Civ. P. 12(e) ................................................................................................................. passim

Rule 12(e) motions for more definite statements are highly disfavored and inappropriate where, as here, Plaintiff THOIP ("THOIP") has filed a detailed complaint, and where Defendant David & Goliath, Inc.'s ("DG Inc.") infringing characters are, as admitted in DG Inc.'s motion, ever-growing and shifting. (*See* DG Inc.'s Memorandum in Support of Motion For More Definite Statement "Def's Brief" at 1).

The complaint is entirely clear as to the property that THOIP seeks to protect, *i.e.,* the LITTLE MISS and MR. MEN characters depicted as visual art and contained in 136 copyright registrations (the "copyrighted works"); the registered LITTLE MISS and MR. MEN trademark (the "registered mark"); the common law trademark rights in the LITTLE MISS and MR. MEN brand; and the trade dress as depicted in the complaint and specifically described and set forth in paragraphs 7, 21, 29, 31 and Exhibits 1, 4 and 5 to the Complaint.

There is no mystery here. THOIP alleged that it owns all of the rights regarding the MR. MEN and LITTLE MISS intellectual property (¶ 11), including the many copyrights in the individual character illustrations, as well as registered and common law trademark and trade dress rights as defined throughout the complaint. DG Inc.'s infringing LITTLE LOSERS line of products surfaced sometime in 2007. *See* Complaint ¶ 11; *see also* Def's Brief at 1. Based on a recent internet search, DG Inc. has expanded the LITTLE LOSERS characters since the date the complaint was filed. *Compare* Complaint ¶¶ 30 and 31 with Exhibit A, recent printouts of DG Inc.'s website, offering additional LITTLE LOSERS merchandise for sale.

Defendant DG Inc. has a history of being sued for its "edgy, funny" products (Def's Brief at 1), which often tread on the intellectual property rights of other companies.[1] DG Inc. now feigns innocence and asserts that it is too confused by the clear complaint filed by THOIP to properly evaluate and frame an answer. Whether this is a delay tactic or an effort to get "free" discovery, DG Inc.'s motion does not pass muster, nor does it raise any issue for which these disfavored motions are sparingly granted.

DG Inc. has not even claimed, much less set forth, any prejudice it will suffer in responding to the complaint. Nor has DG Inc. claimed (because it could not) that any special pleading obligations exist, or any threshold defenses such as statute of limitations are invoked by the supposed lack of specificity. THOIP is seeking to protect much more than a simple idea by asserting its specifically delineated intellectual property rights. Characters such as the MR. MEN and LITTLE MISS copyrighted works, registered mark, trade dress and brand have been protected from strikingly similar infringements under copyright, trademark, and trade dress law in the past and should be in this case. *See infra.* For these reasons and as set forth below, DG Inc.'s motion must be denied.

## Argument

## I.    LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain a

---

[1] *See e.g. Just Born, Inc. v. David & Goliath, Inc.*, No. 06 Civ. 1585 (S.D. Ind. 2006) (action against DG Inc. for infringing Peeps candy trademarks); *Tootsie Roll Industs. Inc. v. David & Goliath, Inc.*, No. 05 Civ. 12125 (D. Mass 2005) (action against DG Inc. for infringing Sugar Daddy and How Many Licks? trademarks); *David & Goliath, Inc. v. Pretty Ugly, LLC.*, No. 04 Civ. 1942 (M.D. Fla. 2004) (producer of copyrighted Ugly Dolls threatened suit, DG Inc. moved for declaratory judgment); *The Original Pancake House Franchising, Inc. v. David & Goliath, Inc.*, No. 04 Civ. 569 (D. Or. 2004); *Playboy Enters. Int'l. Inc. v. David & Goliath, Inc.*, No. 02 Civ. 472 (M.D. Fla. 2002) (action against DG Inc. for infringing Playboy and Rabbit Head trademarks).

short, plain statement of the claim, indicating that the plaintiff is entitled to relief.  *See* F.R.C.P.

8; *see also Home & Nature, Inc. v. Sherman Specialty Co., Inc.,* 322 F.Supp.2d 260 (E.D.N.Y.

2004) (denying Rule 12(e) motion for more definite statement in copyright case where plaintiff

alleged defendant has since 2000 and continues to infringe "one or more" of its copyrights by

selling "unauthorized tattoo-like jewelry items.")  "[A] motion for more definite statement is

generally discouraged." *In re: Argo Commc'ns Corp.*, 134 B.R. 776, 798 (S.D.N.Y. 1991).  The

Federal Rules contain the "underlying aim" of disfavoring motions to compel more definite

complaints and instead "encourage the use of discovery procedures to apprise the parties of the

basis for the claims made in the pleadings." *Asip v. Nielsen Media Research, Inc.,* No. 03 Civ.

5866, 2004 U.S. Dist. LEXIS 2350, at *7 (S.D.N.Y. Feb. 17, 2004) (citations omitted).  Rule 8(a)

merely requires that a plaintiff provide a defendant with "fair notice of the plaintiff's claim and

the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957).  "Thus a Rule 12(e)

motion should be denied if a complaint comports with the liberal pleading requirements of Rule

8(a)." *Home & Nature, Inc,* 322 F.Supp.2d at 265 (citations omitted).

## II.    THOIP SET FORTH ITS COPYRIGHT CLAIM WITH THE REQUISITE SPECIFICITY

THOIP has alleged, *inter alia,* the following facts in its complaint:  THOIP is the sole

owner of all rights, title, and interest in and to the copyrights to the MR. MEN and LITTLE

MISS works (¶ 49), which have been duly registered with the U.S. Copyright Office[2] (Exhibit 2),

the copyrighted works contain *characters* which are original works of visual art (¶ 48) (emphasis

added) and DG Inc. has infringed these exclusive rights by manufacturing, distributing, selling

---

[2] The illustrations which DG Inc. has infringed are protected by the copyrights over the books themselves. *See E. Am. Trio Prods. Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 416-17 (S.D.N.Y. 2000) (citing *King Features Syndicate v. Fleischer*, 299 F. 533, 535 (2d Cir. 1924) (holding copyright act to provide "protection for all the copyrightable component parts of the thing copyrighted, and the proprietor has all the rights in respect thereto which he would have, if each part were individually copyrighted under the act")).

and offering for sale the LITTLE LOSERS line of products.  THOIP set forth each of the registrations in Exhibit 2 to the complaint, with the date and registration number.  The complaint, in ¶ 25, sets forth that the line of merchandise called LITTLE LOSERS was released by DG Inc. in 2007 and ¶¶ 34-37 alleged continuing infringement by DG Inc.

To meet the requirements of Rule 8, a complaint alleging copyright infringement only needs to state "[1] which specific original works are the subject of the copyright claim, [2] that plaintiff owns the copyrights in those works, [3] that the copyrights have been registered in accordance with the statute, and [4] by what acts during what time the defendant infringed the copyright." *Franklin Elec. Publishers, Inc. v. Unisonic Prods. Corp.,* 763 F.Supp. 1, 4 (S.D.N.Y. 1991) (denying 12(b)(6) motion in copyright infringement suit where plaintiff's computer program and screen display were registered and allegation was that defendants infringed by the "manufacture and /or sale of products . . . which contain portions copied and/or derived from the aforesaid copyrighted work.")

THOIP has clearly alleged the first three elements.  DG Inc. only claims that it has not adequately alleged the fourth element, because THOIP "does not explain which of its copyright registrations, if any, correspond to the illustrations in the chart" on pp. 7-9 of the complaint. (Def's Brief at 4.)  "Yet the specificity required of the complaint is not great.  A plaintiff need not provide a description of the individual instances or exact times of infringement." *Capitol Records, Inc. v. Wings Digital Corp.,* 218 F.Supp. 2d 280, 284 (E.D.N.Y. 2002) (complaint alleging that defendants "manufactured, reproduced, imported and distributed devices" used to reproduce the plaintiff's copyrighted sound recordings held to successfully state a claim of copyright infringement); *see also U2 Home Entm't, Inc. v. Lai Ying Music & Video Trading, Inc.,* No. 04 Civ. 1233, 2005 U.S. Dist. LEXIS 9853 at *9 (S.D.N.Y. May 25, 2005) (denying

12(b)(6) motion to dismiss where complaint alleged defendants engaged in "importation or duplication" of numerous copyrighted motion pictures). Here, THOIP is alleging that the LITTLE LOSERS products infringe THOIP's copyrights in the "characters" depicted in the copyrighted works. *See e.g.,* Complaint ¶ 11, 53. Those characters are laid out in Exhibit 1 and the registrations are listed in their entirety in Exhibit 2.

In a copyright action, "[a] plaintiff need only describe how the defendant violated the copyright to state a claim for copyright infringement." *Maverick Recording Co. v. Goldshteyn,* No. 05 Civ. 4523, 2006 U.S. Dist. LEXIS 52422, at *7 (S.D.N.Y. July 31, 2006) (denying 12(b)(6) motion where plaintiff alleged "reproduction and distribution of copyrighted files using the Internet" and stating that complaint need only allege the infringement is ongoing rather than the specific time of the infringing acts). THOIP has alleged that DG Inc. has "designed, manufactured, or caused to be manufactured, imported, or caused to be imported, distributed, or caused to be distributed and/or sold the infringing LITTLE LOSERS" products in violation of Section 501 of the Copyright Act. Complaint, ¶ 54.

THOIP's allegations of copyright infringement more than adequately describe how DG Inc. violated the copyrights. "A motion for a more definite statement is designed to strike at unintelligibility in a pleading, not just a claimed lack of detail." *In re: Argo Commc'ns Corp.,* 134 B.R. 776, 798 (S.D.N.Y. 1991). Notice pleading is all that is required. Defendant may obtain further information regarding THOIP's copyrights during the discovery phase of this action. *See id.* at 798 ("The primary burden of information exchange and issue delineation is to be borne through the utilization of the discovery process."); *see also Home & Nature, Inc.,* 322 F.Supp.2d at 267.

The *Home & Nature, Inc.* case is instructive. There, defendant moved for a Rule 12(e)

more definite statement complaining that plaintiff had not included photographs or "other appropriate depictions" of the jewelry designs listed on each of the multiple copyright registrations provided in the complaint. 322 F. Supp. 2d at 264. Similarly DG Inc. complains that "the printout attached as Exhibit 2 to the Complaint fails to show the Illustrations [in the copyright registrations] at all..." Def's Brief at 4. Judge Platt soundly rejected plaintiff's attempts to obtain "free" discovery through a Rule 12(e) motion:

> In sum, it appears that, based on a review of the defendant's papers, the primary purpose of the defendant's motion is to obtain more detailed copies of the plaintiff's products as well as to secure additional evidence of the plaintiff's ownership of the copyrights. The Court notes that Rule 12(e) is not the proper vehicle to resolve problems of uncertainty arising due to want of specificity or lack of detail. Such problems are appropriately resolved by discovery, not by an order.

*Home & Nature, Inc.* 322 F.Supp. at 267 (citations omitted). This court should also reject DG Inc.'s disingenuous attempts to obtain clarity through the highly disfavored method of a Rule 12(e) motion.

Indeed, as DG Inc. has been put on notice as to which copyrights THOIP asserts have been infringed (all of the copyrights listed in Exhibit 2), nothing more is required at the pleading stage. *See Maverick Recording*, 2006 U.S. Dist. LEXIS 32422, at *7 ("A plaintiff [in a copyright action] need not provide a description of the individual instances or exact times of infringement.").

A complaint's alleged "failure to describe specific individual instances of infringement is not fatal to [a] plaintiffs' claim; such details are rightly the province of the discovery phase and summary judgment." *Id.* (citations omitted). DG Inc. has put forth not a single case supporting its allegation that THOIP's copyright claim is somehow deficient. *See* Def's Brief at Point II, p. 4. Given the above-cited authorities, this is unsurprising, but should be considered when

weighing DG Inc.'s credibility in bringing this motion. DG Inc.'s motion for a more specific

statement relating to the copyright claim must be denied.

### III. THOIP HAS PROPERLY ALLEGED WHICH OF DG INC.'S PRODUCTS INFRINGE ITS REGISTERED TRADEMARK

DG Inc. next complains that it cannot determine which of its characters THOIP has

alleged infringe the MR. MEN and LITTLE MISS registered trademark. The complaint,

however, made very clear that Defendant's LITTLE LOSERS line of products as currently

known, and as depicted in ¶¶ 30, 31 of the complaint infringe THOIP's registered trademark.

Trademark infringement does not require identical marks. Instead, a trademark infringement

action seeks to determine whether "defendant's use of a *similar* mark is likely to cause consumer

confusion." *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 114 (2d Cir. 2006)

(emphasis added). Further, the fact that DG Inc. claims it does not sell books is irrelevant at this

stage of the litigation – if the type of goods offered by THOIP and DG Inc. factors in at all, it

would be in the determination of the likelihood of confusion factors. *See Polaroid Corp v.*

*Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961) (holding use of allegedly infringing

mark on products within the competitive proximity of the plaintiff's products is a factor in

likelihood of confusion analysis).

THOIP is unable to more specifically identify every one of DG Inc.'s infringing

characters because DG Inc. *continues* to release new characters which infringe THOIP's MR.

MEN and LITTLE MISS intellectual property. Def's Brief at 1 ("since that time it has

expanded its LITTLE LOSERS line to include "Revenge of the Little Losers" and the "Lil' Little

Losers" line of characters.) DG Inc. admits in its motion that it continues to release new

clothing lines featuring the LITTLE LOSERS characters, and public records show that

Defendant has released additional LITTLE LOSERS merchandise which infringe THOIP's intellectual property rights even since the commencement of this action. *See supra*, and compare Complaint ¶¶ 30 and 31 with Exhibit A. THOIP cannot be expected to anticipate which new characters Defendant will release and specify all of them in its complaint. Moreover, Defendant never states what the elements of a properly alleged trademark infringement claim are in its motion. This is because THOIP has clearly alleged *every element* of such a claim. DG Inc.'s motion for a more specific statement relating to the trademark infringement claim must be denied.

## IV.    THOIP HAS ALLEGED TRADE DRESS WITH REASONABLE SPECIFICITY

Unregistered trade dress in a product design is protectable and requires a plaintiff to show that an allegedly infringed feature of the design is not functional and that the infringing feature is likely to cause confusion with the product for which protection is sought. *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.* 529 U.S. 205 (2000). In addition, to recover for infringement of an unregistered product design trade dress, a plaintiff needs to show acquired distinctiveness in the feature(s) such that secondary meaning has arisen in the minds of the public to identify the source of the product, rather than the product itself. *Id.* THOIP has properly alleged each of these requirements in the complaint. *See* Complaint ¶¶ 7, 9, 10, 14-15, 73-76.

THOIP described both in words and through pictorial depictions what constitutes its protected trade dress. *See* Complaint ¶¶ 7, 15, 19, 20, 29, 31, Ex. 4 & 5. By contrast, the plaintiff in *Landscape Forms*, cited by DG Inc., filed a complaint that asserted simply that "the product design and configuration of [Plaintiff's outdoor furniture] employs a number of distinctive elements which, when taken together, constitute a trade dress recognizable by architects, landscape architects and designers, as well as the public at large." *Id.* at 381. It is understandable that such a complaint, that did not even specify what the "distinctive elements"

of the trade dress were, should not pass muster.  THOIP's complaint does considerably more,

and properly describes the trade dress at issue.

Paragraph 7 of the Complaint clearly alleges the trade dress of THOIP's MR. MEN and

LITTLE MISS characters:

> The MR. MEN and LITTLE MISS characters are cartoon figures
> illustrated with common physical features such as the lack of a
> torso, and a rounded or geometric body/head with a singular
> characteristic assigned to the figure . . . .

Complaint ¶ 7.  In addition, paragraphs 21 and 31 set forth the elements of the trade dress

contained in the family of characters set forth in a colorful grid, in which consumers may view

the entire line all together, and compares and contrasts DG Inc.'s hang tag with THOIP's grid.

The description of the (i) cartoon figures; (ii) illustrated with common physical features; (iii)

lacking a torso; (iv) with a rounded or geometric body/head; (v) with a singular characteristic

assigned to the figure, and (vi) along with the depiction of the grid (¶ 31) which features the

family of LITTLE MISS and MR. MEN characters laid out in rows, with their four-fingered

arms and legs extending directly from their bodies and all having a singular characteristic

assigned to the figure amply meets the required specificity for alleging trade dress infringement.

*See Spring Mills Inc. v. Ultracashmere House, Ltd.*, 689 F.2d 1127, 1130-31, 1134-35 (2d Cir.

1982) (holding hang tags to be trade dress, and holding defendant to have infringed by

mimicking plaintiff's hang tags layout, language and care instructions).

Such a description is consistent with descriptions found acceptable by other courts in

similar situations.  For example, the Third Circuit found the following description to properly

allege protectable trade dress:

> Care Bears have the following distinctive elements: 1. pastel
> coloration; 2. an inverted triangular 'jowly' shaped head; 3. heart-
> shaped paw pads; 4. a pear-shaped body; 5. an oval-domed shaped

abdominal area; 6. a heart-shaped nose; 7. a tuft of hair atop the
head; 8. a white plush abdominal area; and 9. tummy graphics.

*Am. Greetings Corp. v. Dan-Dee Imports, Inc.,* 807 F.2d 1136, 1139 (3d Cir. 1986); *see also*

*McArdle v. Mattel, Inc.*, 456 F. Supp. 2d 769, 782 (E.D. Tex. 2006) ("The court's independent

review discloses that plaintiff's complaint alleges that his use of 'specific color combinations,

elements, word phrases, characters, setting, and plot themes are distinctly associated with his

product, [and] have acquired secondary meaning on the market and constitute trade dress.").

In addition, while THOIP may not have included in the description of the MR. MEN and

LITTLE MISS trade dress the words "Our trade dress consists of," such language is unnecessary

where THOIP identifies the elements of its trade dress, alleges that it uses the elements as trade

dress, and that the defendant infringed its trade dress by using confusingly similar marks. *See*

*Alpha Kappa Alpha Sorority Inc. v. Converse, Inc.*, No. 05 Civ. 10317, 2006 U.S. App. LEXIS

8775, at *13-18 (5th Cir. April 10, 2006) (rejecting defendant's argument that that complaint

never stated that plaintiff's trade dress was organization's color combinations in connection with

founding years, and holding that discussion of marks throughout complaint was sufficient).

THOIP further has alleged that its trade dress has acquired distinctiveness in paragraph

74 of the complaint, and that it has done so by developing secondary meaning as alleged in

paragraph 76 of the complaint. *See Wal-Mart Stores*, 529 U.S. at 216 (holding that

distinctiveness of unregistered trade dress is shown through secondary meaning). THOIP has

therefore properly and sufficiently alleged its trade dress cause of action. DG Inc.'s motion for a

more specific statement relating to the trade dress claim must be denied.

## V.    THOIP HAS IDENTIFIED ITS COMMON LAW TRADEMARKS

Defendant's argument that it is impossible for THOIP's illustrated characters and

character grid to act as a trademark is specious and not a proper subject of a Rule 12(e) motion.

The MR. MEN and LITTLE MISS marks are not only used as illustrations to decorate or adorn; each and every one signifies that the product is part of the MR. MEN and LITTLE MISS brand. That the MR. MEN and LITTLE MISS characters are numerous is insignificant – courts have upheld other claims based on infringements of numerous source signifying character trademarks, including the many cartoon characters such as Hello Kitty, Pochacco, and Badtz Maru, owned by the Sanrio Company. *See Sanrio Co. Ltd. v. Ann Arctic, Inc.*, No. 98 Civ. 1858, 1998 U.S. Dist. LEXIS 19384, at *21-22 (E.D.N.Y. May 13, 1998) ("Turning to the cartoon pictures associated with each of these trademarks, Sanrio is likely to prove that the two- and three-dimensional representations of Sanrio's characters are protected trade dress. The designs were all created by Sanrio's artists and each was intended to be a signature mark symbolizing the quality of the product bearing the mark. . . . [Sanrio] created the characters to emblazon on change purses in order to create marketing appeal and to separate its products from competitors' products . . . .")

This case is also distinguishable from *Lincoln Laboratories, Inc. v. Savage Laboratories, Inc.*, 26 F.R.D. 141 (D.C. Del. 1960), cited by DG Inc. In *Lincoln Laboratories*, the plaintiff failed to allege which marks defendant was infringing. *See id.* at 142. However, here, THOIP alleges that each of its MR. MEN and LITTLE MISS characters and grid act as protectable, common law trademarks, and that each of the MR. MEN and LITTLE MISS characters have been infringed by DG Inc.'s LITTLE LOSERS products. Each of THOIP's characters are set forth in a pictorial exhibit in the complaint. *See* Exhibit 1. Moreover the "grid" of characters is also set forth within the complaint (¶ 31) and that compilation of the family of LITTLE MISS and MR. MEN characters acts as a source identifier and trademark as well.

*Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439 (S.D.N.Y. 2005), cited by DG Inc., is entirely inapposite. For one, the uncertainty in the complaint in *Pelman* had to do with the

*defendant's* representations with which the plaintiff took issue. *Id.* at 445. Here, DG Inc. is on notice of which of its LITTLE LOSERS goods THOIP takes issue. The complaint clearly states that THOIP considers *all* of the LITTLE LOSERS characters and the LITTLE LOSERS hang tag (*see* ¶ 31) to infringe THOIP's LITTLE MISS and MR. MEN characters and grid laying out all of the characters together in one place. DG Inc.'s motion for a more specific statement relating to the common law trademark claims must be denied.

## VI.    THOIP HAS PROPERLY ALLEGED ITS DILUTION CLAIM

THOIP's claims for both federal and state trademark dilution explain that all of the MR. MEN and LITTLE MISS marks are distinctive, famous and have enforceable source-identifying significance. *See* Complaint ¶¶ 91-93, 109-110. THOIP need not elaborate further at this point, as a plaintiff need only allege the elements of its cause of action in the complaint. *See e.g., Alpha Kappa Alpha Sorority, Inc.*, 175 Fed. Appx. at 681 (holding plaintiffs to have satisfied the notice pleading requirements for dilution claim where plaintiff alleged all elements of dilution claim and identified its marks "distinctive and famous" due to recognition, duration and extent of use). Evidence of such fame and distinctiveness may be obtained during the discovery phase of the proceedings. *See Armstrong Cork Co. v. Patterson-Sargent Co.*, 8 F.R.D. 215, 216 (N.D. Ohio 1948) (holding that complaint must be sufficiently clear and definite that the defendant may admit or deny the charges but it need not document the charges with evidentiary references). Accordingly, DG Inc.'s motion for a more specific statement relating to the dilution claims must be denied.

## VII.    CONCLUSION

Defendant is entirely capable of answering the complaint in its present form, and a motion for more definite statement is wholly inappropriate for this complaint, which is neither

excessively vague nor ambiguous. *See Gann v. BernzOmatic Corp.*, 262 F. Supp. 301, 304 (S.D.N.Y. 1966).

For all of the foregoing reasons, DG Inc.'s Rule 12(e) motion for a more definite statement should be denied.

Dated: New York, New York.                    BAKER & MCKENZIE LLP
       March 13, 2008


                                              By:/s/ *Marcella Ballard*
                                                 Marcella Ballard
                                                 Lisa W. Rosaya
                                                 1114 Avenue of the Americas
                                                 New York, NY  10036
                                                 (T) 212 626 4100
                                                 (F) 212 310 1600

                                                 *Attorneys for Plaintiff*
                                                 *THOIP (a Chorion Limited company)*



Case 1:08-cv-00963-SHS    Document 9-2    Filed 03/13/2008    Page 1 of 1

"WE MAKE STUPID STUFF SO YOU DON'T HAVE TO"

HOME    DOWNLOADS & FUN    COMPANY INFO    YOUR ACCOUNT

SEARCH
lil miss    GO

VIEW CART

0 ITEMS


SHOP

WOMENS
MENS
KIDS
CHARACTER
ACCESSORIES
NOVELTY TEES
NEW ITEMS
IPODS & MACS
FACTORY
OUTLET!

<< prev 1 next >>

16 ITEMS PER PAGE ▼


PIPSQEAKS
Lil Miss Spoiled Brat


ONESIES
Lil Miss Spit Up


ONESIES
Lil Miss Thumbsucker


PIPSQEAKS
Lil Miss Prissy Pants

<< prev 1 next >>



"WE MAKE STUPID STUFF SO YOU DON'T HAVE TO"

HOME    DOWNLOADS & FUN    COMPANY INFO    YOUR ACCOUNT

SEARCH

lil mr     GO

VIEW CART

0 ITEMS



SHOP

WOMENS

MENS

KIDS

CHARACTER

ACCESSORIES

NOVELTY TEES

NEW ITEMS

IPODS & MACS

FACTORY
OUTLET!

<< prev 1 next >>

16 ITEMS PER PAGE


PIPSQEAKS
Lil Mr. Terror


ONESIES
Lil Mr. Booger Eater


PIPSQEAKS
Lil Mr. Cry Baby


PIPSQEAKS
Lil Mr. Spaz

<< prev 1 next >>



"WE MAKE STUPID STUFF SO YOU DON'T HAVE TO"

SEARCH
| little losers | GO

VIEW CART
0 ITEMS

HOME | DOWNLOADS & FUN | COMPANY INFO | YOUR ACCOUNT



WOMENS
MENS
KIDS
CHARACTER
ACCESSORIES
NOVELTY TEES
NEW ITEMS
IPODS & MACS
FACTORY
OUTLET!

Live Help
click here



THIS WEEK'S
FEATURED ITEM

OOPS SALE!
EVERYONE NEEDS A
GOOD PADDLING
AVAILABLE IN:
Womens Fitted Tee

• D&G BLOG
• JOBS
• FREQUENTLY
  ASKED QUESTIONS
• WHO IS TODD
• UPS TRACKING
• PRIVACY POLICY
• CONTACT
• STORES
• PRESS

© 2008 David & Goliath.
All rights reserved

<< prev | 1 | next >>      NO LIMIT


SPOTLIGHT ITEM
Mr. Asshole
CHECK THIS OUT!
MEN'S PREPRINTED TEES
Little Losers - Mr. Asshole



SPOTLIGHT ITEM
Mr. Shithead
CHECK THIS OUT!
MEN'S PREPRINTED TEES
Little Losers - Mr. Shithead


SPOTLIGHT ITEM
Mr. Stoner
CHECK THIS OUT!
MEN'S PREPRINTED TEES
Little Losers - Mr. Stoner


SPOTLIGHT ITEM
Mr. Drunk
CENSORED
CHECK THIS OUT!
MEN'S PREPRINTED TEES
Little Losers - Mr. Drunk

SPOTLIGHT ITEM
Mr. Cheater
CHECK THIS OUT!
MEN'S PREPRINTED TEES
Little Losers - Mr. Cheater

SPOTLIGHT ITEM
Mr. Pimp
CHECK THIS OUT!
MEN'S PREPRINTED TEES
Little Losers - Mr. Pimp


SPOTLIGHT ITEM
Mr. Well-Hung
CHECK THIS OUT!
MEN'S PREPRINTED TEES
Little Losers - Mr. Well Hung


SPOTLIGHT ITEM
Mr. Liar
CHECK THIS OUT!
MEN'S PREPRINTED TEES
Little Losers - Mr. Liar

SPOTLIGHT ITEM
Mr. Loser
CHECK THIS OUT!
MEN'S PREPRINTED TEES
Little Losers - Mr. Loser

SPOTLIGHT ITEM
Mr. Masturbate
CHECK THIS OUT!
MEN'S PREPRINTED TEES
Little Losers - Mr. Masturbate


Miss Lush
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss Lush

Miss Gossip Queen
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss Gossip
Queen




Miss Bitch
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss Bitch


Miss Spoiled Brat
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss Spoiled
Brat


Miss Boobjob
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss. Boobjob


Mr. Horny
MEN'S PREPRINTED TEES
Little Losers - Mr. Horny


Miss Know It All
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss Know It
All


Miss Las Vegas
NEW!
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss Las Vegas


Miss Priss
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss Priss


Miss PMS
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss PMS


Mr. Jerk
NEW!
MEN'S PREPRINTED TEES
Little Losers - Mr Jerk


Mr. Fartface
NEW!
MEN'S PREPRINTED TEES
Little Losers - Mr Fartface


Miss Gold Digger
NEW!
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss Gold
Digger


Miss Floozy
NEW!
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss Floozy


Miss Tease
NEW!
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss Tease


Mr. Las Vegas
NEW!
MEN'S PREPRINTED TEES
Little Losers - Mr. Las Vegas


Mr. Tight Wad
MEN'S PREPRINTED TEES
Little Losers - Mr. Tight Wad


Miss Slut
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss. Slut


Mr. Sugardaddy
NEW!
MEN'S PREPRINTED TEES
Little Losers - Mr Sugardaddy


Mr. Inbred
MEN'S PREPRINTED TEES
Little Losers - Mr. Inbred


Miss Snob
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss Snob


Miss B.J.
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss B.J.


Miss Miserable
WOMEN'S PRE-PRINTED TEES
Little Losers - Miss. Miserable

<< prev | 1 | next >>