UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

THOIP (a Chorion Limited Company),

                        Plaintiff,            Case No. 08 CV 00963 (SHS) (GWG)

        v.

DAVID AND GOLIATH, INC.,

                    Defendant.

------------------------------------------------------------------ x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR A MORE DEFINITE STATEMENT

Cowan Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200
Attorneys for Defendant

## Introduction

Defendant, David and Goliath, Inc., ( "Defendant" or "D&G") by its attorneys, Cowan, Liebowitz & Latman, P.C., hereby submits this reply memorandum in further support of its motion for an order directing Plaintiff, THOIP ("Plaintiff" or "THOIP") to file a more definite statement of its claims in claims 1 through 7 of the Complaint.

## Background

Although THOIP claims in its opposition papers that its Complaint was clear, in fact these papers themselves show the claims were far from clear, and now, with its response, they are for the most part, even less so. D&G respectfully submits it is not seeking delay but instead merely to know that which it has sought to know since it received THOIP's first letter in August 2007, an honest statement of exactly what THOIP was claiming. D&G does not dispute THOIP cannot list which of Defendant's products it claims is an infringement if they are new or if Plaintiff has not seen them. But Plaintiff can list those products of which it is aware and must do so as to apprise D&G of its claims. D&G believes it infringes no protectable rights of THOIP and now that suit has been filed it is critical for THOIP to precisely delineate its claims so D&G may set forth for this Court all the reasons that THOIP, in fact, has no claims for which relief may be granted be. It is respectfully submitted this motion has already helped a bit in so clarifying some of THOIP's claims and that by granting the instant motion, THOIP will be forced to narrow the issues herein and allow D&G to defend against properly pleaded claims. Finally it is submitted that Plaintiff's "clarification" that everything D&G does somehow infringes everything of THOIP's, protected under some intellectual property theory or other, is disingenuous, and shows that, at the end of the day, it will be found that its claims lack merit.

## Argument

**I.    Legal Standard**

While motions for more definite statements may be disfavored generally, they have been

often embraced by courts in the context of intellectual property disputes. See, Section I, pages 3

and 4 of Defendant's Memorandum of Law dated February 28, 2008 ("Defendant's Moving

Brief"). Since, in intellectual property cases, a one-to-one comparison of one trademark or

design to another will be necessary, and since, as set forth in greater detail below, such a

comparison could result in a legal finding that the designs are so different as to call for the

dismissal of plaintiff's claims, it is particularly appropriate that the court and the defendants at

least be informed of the marks or designs at issue. A more definite statement is not only

appropriate give the nature of Plaintiff's claims, but it is well within the discretion of this court to

direct Plaintiff to more clearly set forth its claims. *In re Argo Communications Corp.,* 134 B.R.

776, 797 (Bankr. S.D.N.Y. 1991).

**II.    Plaintiff's Copyright Count**

Plaintiff, in its Opposition Papers again points D&G to the list of copyright registrations

in Exhibit 2, none of which show the underlying property copyrighted and state this is sufficient

to give the Court and Defendant notice of which of its allegedly copyrighted Illustrations are

allegedly infringed by which of Defendant's designs. To order copies of these would cost

thousands of dollars and while it is true Plaintiff would need to provide these in discovery, it still

is impossible[1] for D&G at this time to admit or deny THOIP's claims.

Below is a list of "Little Miss" and "Mister" Titles assigned to the copyright registrations

set forth in Exhibit 2 of THOIP's complaint:

---

[1]  Plaintiff claims without citation, that defendant must suffer prejudice before a motion for more definite statement
can be granted. To the extent it was not clear before, when something is impossible, it is prejudicial to require a
party to do the impossible.

| Mr. Men and Little Miss | Little Miss Lucky | Mister Messy | Mister Nonsense |
|---|---|---|---|
| Little Miss Bossy | Little Miss Sunshine | Mister Clumsy | Mister Jelly |
| Little Miss Giggles | Little Miss Trouble | Mister Dizzy | Mister Mean |
| Little Miss Late | Mister Trouble | Mister Mischief | Mister Rush |
| Little Miss Helpful | Mister Busy | Mister Noisy | Mister Skinny |
| Little Miss Naughty | Mister Bounce | Mister Nosey | Mister Snow |
| Little Miss Neat | Mister Bump | Mister Quiet | Mister Tall |
| Little Miss Plump | Mister Forgetful | Mister Silly | Mister Topsy-Turvy |
| Little Miss Scatterbrain | Mister Chatterbox | Mister Slow | Mister Worry |
| Little Miss Shy | Mister Fussy | Mister Small | Mister Tickle |
| Little Miss Splendid | Mister Greedy | Mister Strong | Mister Uppidy |
| Little Miss Tiny | Mister Happy | Mister Wrong | |
| Little Miss Chatterbox | Mister Impossible | Mister Greedy | |
| Little Miss Dotty | Mister Lazy | Mister Funny | |

All totaled, the titles listed in the copyright registrations refer to 53 Illustrations. On pages 7 and 8 of its Complaint, 10 THOIP Illustrations are shown, one of which, Little Miss Bad, is not listed in the titles of copyrights[2]. So, based on a comparison or these two allegations contained in the complaint, it appears Plaintiff is claiming 52 copyrighted Illustrations have been infringed. But plaintiff has further obfuscated its pleading by claiming that the infringed "characters are laid out in Exhibit 1 and the registrations are listed in their entirety in Exhibit 2." Opposition Brief at 5. Since Exhibit 1 has 88 Illustrations, (a) it is entirely unclear whether Plaintiff is claiming rights in 53 or 88 Illustrations and (b) it is entirely unclear how many and which of the 88 Illustrations are the subject of registrations.

It appears that Plaintiff's pleading strategy may be to simply list all the copyright registrations it owns - - even if the vast majority cover entire books with both text and

---

[2] Since the complaint leaves unclear whether Little Miss Bad is the subject of a copyright registration, defendant and the Court are left to wonder whether there is a fundamental jurisdictional flaw in Plaintiff's claims.

Illustrations - - and leave it Defendant and the Court to sort out the details.  This strategy is

evidenced in Plaintiff's brief which states "[t]he Illustrations which DG Inc. has infringed are

protected by the copyrights over the books themselves."  Opposition Brief at 3, fn. 2.  But such

sweeping allegations are not sufficient.  This court rejected that same pleading strategy in *Cole v.

Allen*, 3 F.R.D. 236, 237 (S.D.N.Y. 1942) where it was addressing the precursor to a motion for a

motion for a more definite statement, i.e., a request for a bill of particulars.  In *Cole*, the plaintiff

owned copyrights in six "Charlie Chan" books.  Plaintiff sued alleging that defendant's radio

broadcasts had infringed plaintiff's copyrights.  Defendant moved for an order directing a bill of

particulars.  The court held that since the nature of the complaint made clear that plaintiff was

not alleging infringement of all the dialogue or characters in the six books, the defendants were

entitled to know "what particular portions  of the copyrighted works they are charged with

having infringed."  Id. at 237.  Likewise here, THOIP is clearly not claiming that D&G infringed

all text and every Illustration contained in its many books so D&G is entitled to know which

portions of the copyrighted materials have allegedly been infringed.

But since Plaintiff has provided the Court and Defendant only with a comparison of

"*certain* of THOIP's characters and *certain* of D&G Inc.'s similar and infringing characters,"

both the Court and Defendant are left to wonder which comparisons are to be made.

This is significant since this lack of substantial similarity defeats Plaintiff's copyright

claim and calls for the dismissal of that claim on the pleadings.

To establish copyright infringement,

> [a] plaintiff must first show that his or her work was actually copied.
> Copying may be established either by direct evidence of copying or by
> indirect evidence, including access to the copyrighted work, similarities
> that are probative of copying between the works, and expert testimony.  If
> actual copying is established, a plaintiff must then show that the copying

4

amounts to an improper appropriation by demonstrating that substantial
similarity to protected material exists between the two works.

*Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 140 (2d Cir. 1992).[3]  The absence of substantial

similarity is a well-established ground for the dismissal of a copyright infringement suit.  *Arica*

*Institute, Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir. 1992).  Such dismissal is routinely granted

in copyright cases either when any similarity concerns only non-copyrightable elements of

Plaintiff's work, or when no reasonable trier of fact could find the works substantially similar.

*See, e.g., Matthew Bender & Co. v. West Publ. Co.*, 158 F.3d 693, 705 (2d Cir. 1998; *Williams v.*

*Crichton*, 84 F.3d 581, 587 (2d Cir. 1996); *Van DeWeever v. Exec. Producer, The Road to El*

*Dorado*, 178 F. Supp. 2d 417 (S.D.N.Y. 2001); *Denker v. Uhry*, 820 F. Supp. 722, 729-30

(S.D.N.Y. 1992), *aff'd*, 996 F.2d 301 (2d Cir. 1993).

    Courts determine whether works are "substantially similar" by simply comparing the

works themselves.  *Nihon Keizai Shimbun, Inc. v. Comline Bus.Data, Inc.*, 166 F.3d 65, 70 (2d

Cir. 1999; *Walker v. Time-Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986.  And, such comparison

is made between only the protectable elements of each.  For a plaintiff to prevail, "the court must

find a substantial similarity between the *protectable* elements of the two works.  That is, the

plaintiff must show that the defendant appropriated the plaintiff's particular means of expressing

an idea, not merely that he expressed the same idea."  *Fisher-Price, Inc. v. Well-Made Toy Mfg.*

*Corp.*, 25 F.3d 119, 123 (2d Cir. 1994) (emphasis in original).

    The case law cited by Plaintiff is inapplicable to this situation.  The recording industry

cases are particularly inapplicable since they addressed piracy, i.e., the downloading of *the exact*

---

[3] *See* M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 13.01[B] ("Copying as a factual matter is insufficient, if
improper appropriation is lacking.  Conversely, even when two works are substantially similar with respect to
protectable expression, if the defendant did not copy as a factual matter, but instead independently created the work
at issue, then infringement liability must be denied.  Legions of cases promulgate the twin requirements of access
plus substantial similarity ...."); *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991)
("Not all copying ... is copyright infringement").

song covered by the alleged copyright. In those cases there was never a question of whether the copy and the original were substantially similar since they were alleged to be identical and thus, no need for a one-to-one comparison of the parties' respective works. *See, Capitol Records, Inc. v. Wings Digital Corp.,* 218 F.Supp.2d 280 (E.D.N.Y. 2002); *U2 Home Entm't, Inc. v. Lai Ying Music & Video Trading, Inc.*, No. 04 Civ. 1233, 2005 U.S. Dist. LEXIS 9853 (S.D.N.Y. May 25, 2005). But, in this case, D&G has created its own designs and there is no allegation that they are identical to THOIP's Illustrations. Therefore, without Plaintiff's clear assertions of which and what portions of its 52 or 88 copyrights it contends are infringed by which of D&G's designs, Defendant and the Court are unable to evaluate the threshold question of substantial similarity.

Equally inapplicable is *Home & Nature, Inc. v. Sherman Specialty Company, Inc.*, 322 F.Supp.2d 260 (E.D.N.Y. 2004). There, although the plaintiff had alleged infringement of "one or more of plaintiff's copyrights" only 5 copyrights were asserted, and the parties had previously been engaged in discussions concerning which these were.[4] As stated in Defendant's Moving Brief, D&G does not know now or since its receipt of the first cease and desist letter from Plaintiff in August 2007, which of its copyrights are alleged to be infringed by which of Defendant's products. Here, from our tally of THOIP's registered copyrights, 53 cover the artwork showing, presumably, pictorial representations of the characters listed above, which D&G has not seen.

In fact, the *Home & Nature* case only supports D&G's position. The Court there delineated four elements necessary for a copyright claim to pass scrutiny under Rule 8(a), namely, "(1) which specific original works form the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in

---

[4] Also, the defendant in *Home & Nature* was asking that court to order the production of documents, so it is little wonder that the court in that case ruled that such a request was properly the subject of discovery as opposed to a more definite statement. Here, D&G is not seeking any documents, but rather a proper statement of Plaintiff's case.

accordance with the statute; and (4) <u>by what acts</u> [and] during what time the defendant infringed

the copyright." *Home & Nature*, 322 F.Supp.2d at 266 (emphasis added). While Plaintiff says

that "THOIP clearly alleges the first three elements," in contrast, D&G continues to assert that

THOIP's complaint fails to properly plead elements (1) and (4) as set forth above.

Plaintiff should not be permitted to prosecute this case without pairing Defendant's

allegedly infringing products with Plaintiff's allegedly copyrighted Illustrations so as to spare the

parties and the Court the distraction of facially insufficient claims.

**III.    Plaintiff's Claim of Infringement of its Registered Trademark**

Plaintiff has now clarified that it owns only one registered trademark and that it claims it

is infringed by *all* of D&G's ornamental designs. While D&G denies such was clearly claimed

in the complaint, and denies that relief can be granted on such a broad claim, it accepts the

clarification on this claim.

**IV.    Plaintiff has Failed to Identify its Alleged Trade Dress in Claim III**

THOIP now states its trade dress is and was specifically described in paragraphs 7, 21,

29, 31 and in Exhibits 1, 4, and 5 of its Complaint.

Paragraph 7 describes characters as having "common physical features *such as* the lack

of a torso, *and* a rounded *or* geometric body/head with a singular character assigned to the figure,

i.e., LITTLE MISS STUBBORN, a girl with a determined look on her face or MR. MISCHIEF,

a boy figure with a goofy look on his face." It then states the characters are shown on Exhibit 1.

It *then* states, they are sometimes drawn differently. (Again, avoiding any definition of what

THOIP claims).

- Paragraph 21 mentions a grid of figures in rows.
- Paragraph 29 is the chart showing the characters as in the copyright claim.
- Paragraph 31 depicts THOIP's hang tag showing the figures in rows.

- Exhibit 1 again, shows the hangtag, the "grid".
- Exhibit 4 consists of 9 photographs depicting 9 different pieces of merchandise featuring various of Plaintiff's Illustrations.
- Exhibit 5 consists of 8 photographs depicting 8 different pieces of merchandise featuring various of Plaintiff's Illustrations.

Again, nowhere in the Complaint does Plaintiff set forth the specific elements that comprise this alleged trade dress. Now, making matters worse, it appears THOIP is claiming at least 2 trade dresses, and now adds a third description in its brief not mentioned in its Complaint:

> "(i) cartoon figures; (ii) illustrated with common physical features; (iii) lacking a torso; (iv) with a rounded or geometric body/head; (v) with a singular characteristic assigned to the figure, and (vi) along with the depiction of the grid which features the family of LITTLE MISS and MR. MEN characters laid out in rows, with their four-fingered arms and legs extending directly from their bodies and all having a singular characteristic assigned to the figure. Opposition brief at 9.

The first, is now described to be, inter alia, a grid of columns and rows. If in fact Plaintiff is claiming as its trade dress, characters set forth in rows and columns, then surely such is functional and non-protectable. As Plaintiff itself states in paragraph 21 of its Complaint, this is done for the convenience of the consumer to view the characters all together. As set forth in *American Greetings Corp. v. Dan-Dee Imports, Inc.* 807 F.2d 1136, 1141 (3rd Cir. 1986), "[w]hen a feature or combination of features is found to be functional, it may be copied and the imitator may not be enjoined from using it, even if confusion in the marketplace will result."

The second claimed "trade dress" is now stated to have been defined in paragraph 7, which is repeated above. However, as shown above, paragraph 7 uses the term "such as" as part of its delineation. It also claims "rounded *OR* geometric heads/torsos." It then uses "i.e", to further avoid any clear definition of what it is claiming.

And, of course, there is the third description, now set forth for the first time in Plaintiff's opposition papers, repeated above.

8

That this is facially deficient cannot be seriously argued. The Second Circuit makes clear that a Plaintiff's articulation of the <u>specific</u> elements of its alleged trade dress is significant and that a lack of such articulation "may indicate that its claim is pitched at an improper level of generality, i.e., the claimant seeks protection for an unprotectable style, theme or idea." *Landscape Forms, Inc. v. Columbia Cascade Co.,* 113 F. 3d 373, 381 (2d Cir. 1997) (emphasis added). "The plaintiff must precisely articulate the specific elements that comprise its distinct trade dress, so that courts can evaluate claims of infringement and fashion relief that is appropriately tailored to the distinctive combination of elements that merit protection." *Best Cellars, Inc. v. Wine Made Simple, Inc.*, 320 F.Supp.2d 373, 381 (2d Cir. 1997).

Plaintiff now concedes that it is seeking to protect product configuration trade dress and will thus need to establish acquired distinctiveness. Plaintiff then inexplicably claims that it has done so in paragraphs 74 and 76 of its Complaint. After reading and re-reading such paragraphs, Defendant is unable to find any allegation even implying acquired distinctiveness.

## V.    Plaintiff's Claim for Infringement of its Alleged Common Law Trademarks

THOIP now states it is alleging *each* of its Mr. Men and Little Miss Illustrations, and the "grid" are claimed by them as their common law trademarks and that each is infringed by "DG's Little Loser products." It then states each character is shown in "a" pictorial exhibit to the complaint, and that, of course the "grid" is shown, and that it too is a trademark of THOIP's.

Although Plaintiff still has not explained how its Illustrations have enforceable source-identifying significance at common law, it has now at least articulated which it is claiming, namely "all". It seems to state in its brief that *each* of Defendant's products allegedly infringe each, or all, of such common law marks[5], although it had not done so in its Complaint. D&G

---

[5] Plaintiff also apparently is <u>not</u> claiming the "names" of its characters are its common law trademarks, as they are not mentioned in their brief.

contends that by simply stating in its brief that D&G infringed "all" of its alleged and undefined common law trademarks, Plaintiff still fails to allege claims upon which relief can be granted but whatever "clarification" Plaintiff makes should be contained in a new complaint, not just in its brief so that the record is clear as to what THOIP is claiming, and so Defendant can appropriately answer or otherwise respond.

**VI.    Plaintiff's Claims of Trademark Dilution**

Plaintiff states in its opposition papers that "all of its Mr. Men and Little Miss *marks* are alleged to be famous and have enforceable source identifying significance." It is submitted that defining its *marks* as the things it believes are protectable, just begs the question which D&G is raising: which are the "marks"? Are they the characters shown on Exhibit 1? It is respectfully submitted that Plaintiff must "commit" and tell D&G which of its Illustrations or names it has used as trademarks, and on which products.

**CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the Court direct Plaintiff to provide a more definite statement as to its claims.

Dated:    New York, New York
          March 20, 2008

                    Respectfully submitted,

                    COWAN, LIEBOWITZ & LATMAN, P.C.
                    By: _____
                        Arlana S. Cohen (AC-9034)
                        Kieran G. Doyle (KD-2940)
                    1133 Avenue of the Americas
                    New York, New York 10036
                    (212) 790-9200
                    Attorneys for Defendant

10